# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 98-20065-01-KHV |
| | ) | |
| **CARI ELLYN WILLIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Expunge (Doc. #27) filed October 2, 2008. For reasons stated below, the Court overrules defendant's motion.

Defendant asks the Court to expunge the records in this case to help her re-integrate into the community. Any authority to order expungement must stem from the inherent equitable powers of the court. United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993). A court may exercise such authority only in "extreme circumstances" such as when a conviction has been invalidated as unconstitutional, illegal or obtained through government misconduct. Id.; United States v. Green, No. 90-20012-02-JWL, 2007 WL 2316920, at *1 (D. Kan. Aug. 8, 2007). Absent an allegation that the conviction was improper, the Court does not have authority to expunge a conviction or the records in a case. Pinto, 1 F.3d at 1070.

Here, defendant does not allege that her conviction was improper. Accordingly, the Court does not have authority to expunge her conviction.

**IT IS THEREFORE ORDERED** that defendant's Motion To Expunge (Doc. #27) filed October 2, 2008 be and hereby is **OVERRULED**.

Dated this 15th day of October, 2008, at Kansas City, Kansas.

                                                                      s/ Kathryn H. Vratil  
                                                                      KATHRYN H. VRATIL  
                                                                      United States District Judge